1  MICHAEL C. SERVERIAN (SBN 133203)
2  **RANKIN, LANDSNESS, LAHDE,**
   **SERVERIAN & STOCK**
3  96 No. Third Street, Suite 500
   San Jose, California 95112
   Telephone : (408) 293-0463
4  Facsimile : (408) 293-9514

5  Attorneys for Defendant
   CITY OF SANTA CLARA (also erroneously sued
6  as CITY OF SANTA CLARA POLICE
   DEPARTMENT)

7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  NEAL G. BENSON,                     )  Case No. C07 03476 HRL
                                        )
12          Plaintiff,                  )  **DEFENDANT CITY OF SANTA CLARA'S**
                                        )  **NOTICE OF MOTION AND MOTION TO**
13  vs.                                 )  **DISMISS FOR FAILURE TO STATE A**
                                        )  **CLAIM UPON WHICH RELIEF CAN BE**
14  SANTA CLARA MASONIC LODGE           )  **GRANTED (FRCP 12(b)(6)), OR IN THE**
    #299, SANTA CLARA POLICE            )  **ALTERNATIVE, MOTION FOR MORE**
15  DEPARTMENT AND CITY OF              )  **DEFINITIVE STATEMENT (FRCP 12(e));**
    SANTA CLARA, CA. MASONIC            )  **POINTS AND AUTHORITIES**
16  GRAND LODGE SAN FRANCISCO,          )
    CA. SCOTTISH RITE BODIES OF         )
17  SAN JOSE, CA,                       )  **Date:    September 4, 2007**
                                        )  **Time:    10:00 a.m.**
18          Defendants.                 )  **Dept.:   2, 5th Floor**
                                        )  **Judge: Hon. Howard R. Lloyd**
    _____)
19

20

21          **TO PLAINTIFF, NEAL G. BENSON, IN PRO PER:**

22          **PLEASE TAKE NOTICE**, that on September 4, 2007, at 10:00 a.m., or as soon

23  thereafter as the matter may be heard before the Honorable Judge Howard R. Lloyd, in

24  Courtroom 6 of the above-entitled Court, located at 280 South First Street, Fifth Floor, San

25  Jose, California, defendant CITY OF SANTA CLARA ("CITY"), will move the Court to

26  dismiss the action pursuant to FRCP 12(b)(6) with prejudice because plaintiff's newest

27  complaint fails to state a claim upon which relief can be granted, on the grounds that

28  plaintiff fails to allege <u>any</u> legal basis for redress or cause of action against defendant,

1  CITY OF SANTA CLARA.

2      In the alternative, defendant will request that plaintiff be compelled to furnish a more

3  definite statement, under FRCP 12(e), as to the following:

4      1)    Whether plaintiff's claims state facts sufficient to constitute a cause of action

5  under 18 U.S.C. §1961, et seq.;

6      2)    What causes of action are directed against the CITY OF SANTA CLARA;

7      3)    Whether plaintiff's claim is barred by the statute of limitations; and

8      4)    Whether the lawsuit can be brought against defendants who have statutory or

9  common law immunities.

10     This motion will be based on this Notice of Motion and Motion, the Memorandum of

11 Points and Authorities, Request for Judicial Notice filed herewith, and the pleadings and

12 papers filed herein.

13 Dated: July 24, 2007                    RANKIN, LANDSNESS, LAHDE,
                                            SERVERIAN & STOCK
14

15

16                                         By: /s/ Michael C. Serverian
                                               MICHAEL C. SERVERIAN
17                                             Attorneys for Defendant CITY OF
                                               SANTA CLARA
18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted (FRCP
12(b)(6)), or in the Alternative, Motion for More Definitive Statement (FRCP 12(e)); Points and Authorities

1 | MICHAEL C. SERVERIAN (SBN 133203)
**RANKIN, LANDSNESS, LAHDE,**
2 |   **SERVERIAN & STOCK**
96 No. Third Street, Suite 500
3 | San Jose, California  95112
Telephone : (408) 293-0463
4 | Facsimile : (408) 293-9514

5 | Attorneys for Defendant
CITY OF SANTA CLARA (also erroneously
6 | sued as CITY OF SANTA CLARA POLICE
DEPARTMENT)

7 |

8 | IN THE UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | NEAL G. BENSON,                                    ) Case No. C07 03476 HRL
                                                       )
12 |              Plaintiff,                            ) **MEMORANDUM OF POINTS AND**
                                                       ) **AUTHORITIES IN SUPPORT OF MOTION**
13 | vs.                                               ) **TO DISMISS FOR FAILURE TO STATE A**
                                                       ) **CLAIM UPON WHICH RELIEF CAN BE**
14 | SANTA CLARA MASONIC LODGE                         ) **GRANTED (FRCP 12(b)(6)), OR IN THE**
#299, SANTA CLARA POLICE                               ) **ALTERNATIVE, MOTION FOR MORE**
15 | DEPARTMENT AND CITY OF                            ) **DEFINITIVE STATEMENT (FRCP 12(e))**;
SANTA CLARA, CA. MASONIC                               ) **POINTS AND AUTHORITIES**
16 | GRAND LODGE SAN FRANCISCO,                        )
CA. SCOTTISH RITE BODIES OF                            ) **Date:    September 4, 2007**
17 | SAN JOSE, CA,                                     ) **Time:    10:00 a.m.**
                                                       ) **Dept.:   2, 5th Floor**
18 |              Defendants.                           ) **Judge: Hon. Howard R. Lloyd**
   | _____              )

19 |

20 | ## I. INTRODUCTION

21 |    This is the second lawsuit (at least) filed by Mr. Benson against Santa Clara Masonic

22 | Lodge #299, City of Santa Clara, City of Santa Clara Police Department and others.  The

23 | original lawsuit, filed as case number C0-1300199, portions of which this Court is

24 | requested to take judicial notice of, was filed in January of 2003.  After a series of FRCP

25 | Rule 12(b)(6) motions filed by all defendants in the case, Judge Whyte ordered plaintiff's

26 | complaint dismissed with prejudice on March 26, 2003.  Thereafter, Mr. Benson continued

27 | to serve documents on the City and defense counsel, many of which were titled CODE

28 | NAME "KNEES".  On April 20, 2007, Mr. Benson sought reconsideration of the court's

1    March 2003 Order dismissing his complaint.  On June 22, 2007, Judge Whyte denied

2    plaintiff's motion for reconsideration.  On or about July 3, 2007, plaintiff filed another

3    complaint apparently seeking the same relief against the same defendants although it is

4    difficult to tell exactly.[1]

5        The allegations in plaintiff's most recent complaint are unintelligible but seem to

6    reference many of the same people and events that the original complaint and amended

7    complaint in the previous action, C03-00119 did.  In other words, these allegations have

8    already been adjudicated by Judge Whyte and plaintiff cannot re-file his action at this

9    time.

10                        **II.  LAW AND ARGUMENT**

11       Motions under FRCP 12(b) may be brought at any time before an answer or other

12   responsive pleading is filed. FRCP 12(b); <u>Aetna Life Ins. Co. v. Alla Medical Services, Inc.</u>,

13   855 F.2d 1470, 1474 (9th Cir. 1988)..

14   **A.    DISMISSAL IS APPROPRIATE SINCE PLAINTIFF'S COMPLAINT FAILS TO
         ALLEGE ANY LEGAL BASIS FOR LIABILITY AGAINST THE CITY OF
15       SANTA CLARA.**

16       Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff

17   fails to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the

18   legal sufficiency of a claim. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal

19   is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in

20   support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41,

21   45-46, 78 S.Ct. 99 (1957); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 338 (9th Cir.1996).

22   In deciding such a motion, all material allegations of the complaint are accepted as true,

23   as well as all reasonable inferences to be drawn from them. <u>Cahill</u>, 80 F.3d at 338.  If

24   there is no cognizable legal theory or an absence of sufficient facts alleged to support a

25   cognizable legal theory, the then motion should be granted. <u>Balistreri v. Pacifica Police</u>

26   ───────────────────

27       1.   It bears note that defendant was served with a seven page complaint but no Code Name Knees
     Phase II diary was attached.  See plaintiff's complaint at page 2, line 2.  However, defense counsel

28   respectfully requests that it not be served with this document as it has already been served with numerous
     documents in the Code Name Knees series.

1  Dept., 901 F.2d 696, 699 (9th Cir. 1988).

2      Plaintiff's complaint is utterly unintelligible.  No discernable legal theory is pled

3  against any defendant in this matter.

4      **B.    ASSUMING PLAINTIFF IS STILL TRYING TO ALLEGE RICO CLAIMS,
          PLAINTIFF'S RICO CLAIMS AGAINST THE CITY OF SANTA CLARA**
5      **WOULD BE BARRED UNDER THE FOUR YEAR STATUTE OF
          LIMITATIONS**
6

7      The allegations set forth in plaintiff's complaint, for the most part, pertain to events

8  occurring before March 28, 1993 when Mr. Benson visited the Santa Clara Police

9  Department seeking to file criminal charges against the Masonic Grand Lodge in San

10 Francisco and the Santa Clara Masonic Lodge.  Chronologically, plaintiff's complaint then

11 leaps forward from March 1993 to the year 2006 when Mr. Benson allegedly learned that

12 a member of the Santa Clara Police Department was also a Masonic Lodge member in

13 the Santa Clara Lodge.  The significance of this allegation is unknown nor explained by

14 Mr. Benson in his complaint.  The significance of this new information is also not

15 explained nor tied into the events occurring prior to March of 1993.

16     Even with the four year statute of limitations governing RICO [2] actions, the plaintiff's

17 last allegation involving the City of Santa Clara was in March of 1993, over 14 years ago.

18     **C.    RES JUDICATA PRINCIPLES APPLY TO THIS CASE GIVEN JUDGE
          WHYTE'S PREVIOUS ORDERS AND RECENT ORDER DENYING**
19     **PLAINTIFF'S MOTION FOR RECONSIDERATION IN THE CO3-00119
          ACTION**
20
       Res judicata means that a litigant cannot file a lawsuit, lose on the merits, and file a
21
   new lawsuit involving the same claims and parties.
22
       Judge Whyte's dismissal of Benson's prior lawsuit in March of 2003 was an
23
   adjudication on the merits.  FRCP 41(b) states in pertinent part:
24

25             Unless the court in its order for dismissal otherwise specifies, a
               dismissal ... other than a dismissal for lack of jurisdiction, for
26             improper venue, or for failure to join a party under Rule 19,

27 ─────────────────────
       2.   Judge Whyte aptly noted in his order dismissing plaintiff's complaint dated 3/25/03 that "Criminal
28 charges, however, are brought and pursued by the government, not individual citizen litigants."

operates as an adjudication upon the merits.

Similarly, a dismissal for failure to state a claim under FRCP 12(b)(6) is a "judgment on the merits" to which res judicata applies.  See FRCP 41(b) and <u>Federated Department Stores, Inc. v. Moitie</u> (1981) 452 U.S. 394, 399, 101 S.Ct. 2424, 2428, fn.3.  Res judicata applies when the earlier lawsuit reached a final judgment on the merits, involved the same cause of action or claim, and involved identical parties or privies.  <u>Sidhu v. Flecto Co.</u>, 279 F.3d 896, 900 (9th Cir. 2002).

The first element is satisfied in this case because Judge Whyte's dismissal of Case No. C03-00119 was a dismissal with prejudice, and therefore, a determination on the merits.  <u>Beard v. Sheet Metal Workers Union, Local #150</u>, 908 F.2d 474, 477 N. 3 (9th Circuit 1990). ( "Federal law dictates that a dismissal with prejudice bars a later suit under res judicata.")

The second requirement is also satisfied because the new complaint references the same claims and certainly references many of the same individuals (Henry Rosendin, August "Joe" Collier, etc.) and the third element is satisfied because the new complaint involves the same parties (Santa Clara Masonic Lodge #299, Santa Clara Police Department and City of Santa Clara) as the old complaint.

**D.    IN THE ALTERNATIVE, PLAINTIFF SHOULD BE COMPELLED TO PROVIDE A MORE DEFINITE STATEMENT AS TO DEFENDANT'S, CITY OF SANTA CLARA,  CONDUCT.**

FRCP 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct."  FRCP 12(e) provides, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." <u>Federal Sav. and Loan Ins. Corp. v. Musacchio</u>, 695 F.Supp. 1053, 1060 (N.D.Cal.1988).  "Whether or not the motion should be granted or denied depends primarily on the facts of each individual case, and it is ultimately within the Court's

1  discretion to determine whether the information sought by the movant is necessary to

2  enable him to prepare a responsive pleading" Kuenzell v. U.S., 20 F.R.D. 96, 98 (N.D.Cal.

3  1957).

4     Like its predecessor, plaintiff's newest complaint is incomprehensible.  Thus, in the

5  event that defendant's motion to dismiss under FRCP 12(b)(6) fails, defendant requests

6  that the court order plaintiff to amend his complaint.  .

7                                                    **CONCLUSION**

8     This is nothing more than old wine in a new bottle.  Plaintiff has had opportunities to

9  properly plead his claims against defendants in this matter.  When after a filing hiatus

10  plaintiff moved for reconsideration of his prior lawsuit which was denied by the court, he

11  simply filed a new and equally unintelligible complaint.  Defendant requests that this court

12  sustain this motion to dismiss without leave to amend.

13

14  Dated: July 24, 2007                          RANKIN, LANDSNESS, LAHDE,
                                                           SERVERIAN & STOCK
15

16

17                                                  By: /s/ Michael C. Serverian
                                                           MICHAEL C. SERVERIAN
18                                                        Attorneys for Defendants
                                                           CITY OF SANTA CLARA
19

20

21

22

23

24

25

26

27

28