**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Shawn A. Toliver, SB# 148349
Peggy S. Doyle, SB# 176483
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants THE MOST WORSHIPFUL GRAND LODGE OF THE FREE AND ACCEPTED MASONS OF THE STATE OF CALIFORNIA; LIBERTY LODGE #299 FREE AND ACCEPTED MASONS; and SAN JOSE SCOTTISH RITES BODIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL G. BENSON,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA MASONIC LODGE #299, SANTA CLARA POLICE DEPARTMENT AND CITY OF SANTA CLARA, CA. MASONIC GRAND LODGE SAN FRANCISCO, CA. SCOTTISH RITE BODIES OF SAN JOSE, CA.<br><br>Defendants. | CASE NO. **C07 03476 HRL**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS THE MOST WORSHIPFUL GRAND LODGE OF THE FREE AND ACCEPTED MASONS OF THE STATE OF CALIFORNIA, LIBERTY LODGE #299 FREE AND ACCEPTED MASONS, AND SAN JOSE SCOTTISH RITES BODIES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>Date:   September 4, 2007<br>Time:   10:00 a.m.<br>Dept:   2<br>Judge:  Howard R. Lloyd |

## I. INTRODUCTION

In a prior lawsuit filed on January 9, 2003, *pro se* plaintiff Neal G. Benson filed an approximately 60-page complaint in an effort to state a claim against defendants and moving parties herein, The Most Worshipful Grand Lodge of the Free and Accepted Masons of the State of California ("Grand Lodge"); Liberty Lodge #299 Free and Accepted Masons ("Liberty Lodge"); and San Jose Scottish Rites Bodies ("Scottish Rites") (collectively "defendants"). See Neal G.

///

4828-8102-9633.1                                    -1-
MEMO OF P&A'S IN SUPPORT OF DEFENDANTS GRAND LODGE, LIBERTY LODGE,
AND SCOTTISH RITES' MOTION TO DISMISS

1  Benson v. Santa Clara Masonic Lodge, Northern District Court Case No. 5:03-cv-00119-RMW
2  ("prior action"), docket #1.
3        On February 25, 2003, defendants' motion to dismiss the complaint based on failure to
4  state a claim and lack of certainty was granted by the Honorable Ronald M. Whyte with leave to
5  amend (Id., docket #12). The plaintiff subsequently failed in his effort to file a clear, concise, and
6  intelligible pleading required by Judge Whyte's order,[1] and the defendants' second motion to
7  dismiss was granted without leave to amend with judgment entered thereon on March 26, 2003
8  (Id., docket #25, #26). The docket indicates that the plaintiff delivered new evidence to the Court
9  in October 2004 before more recently filing a formal motion for reconsideration on April 18, 2007
10  (Id., docket #27). Judge Whyte denied the plaintiff's motion for reconsideration as untimely on
11  June 22, 2007 (Id., docket #28).
12        On July 3, 2007, the plaintiff filed the instant action with a complaint that appears
13  substantially the same as his motion for reconsideration in the prior action and that, at 112 pages,
14  is almost double the length of his complaint in the prior action. Defendants contend that the new
15  complaint, in addition to being barred by the doctrine of *res judicata*, remains subject to dismissal
16  on grounds similar to those raised in the prior action. Defendants are unable to fairly articulate
17  each basis for dismissal without a concise and intelligible statement of the plaintiff's claims.

## II. PLAINTIFF'S ALLEGATIONS

19        The plaintiff, a gentleman in his 70's and a member of the Liberty Lodge for 50+ years,
20  appears to still claim injuries resulting from a Liberty Lodge meeting held on August 1, 1991.
21  The remainder of the new complaint appears to provide historical details and alleged events
22  leading up to the meeting, to rebut allegations against him made at the meeting, and to describe
23  a conspiracy to deprive him of unenumerated rights which followed the meeting. The plaintiff's
24  ///

---

[1] In addition to an amended complaint, defendants received five books referenced as "Code Name Knees," specifically a 264-page book entitled Code Name Knees, a 281-page book entitled Code Name Knees - Phase II, a 387-page book entitled Code Name Knees - Phase III, an 18-page book entitled Code Name Knees - Phase IV, and a 156-page book entitled Code Name Knees - Phase II update.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

allegations were previously documented in a multi-volume diary named Code Name Knees, and the new complaint appears to continue the diary (see footnote 1).

### III. RELIEF SOUGHT

Defendants seek dismissal of the new complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the ground that it is barred by the doctrine of *res judicata* and the Honorable Ronald M. Whyte's dismissal of the plaintiff's prior action. In the alternative, defendants seek an order pursuant to FRCP 12(e) compelling the plaintiff to file a short and plain statement which fairly advises defendants of the claims against them, including the specific actions taken by defendants, the date of those actions, and the theory of liability upon which the plaintiff bases his claims against defendants.

### IV. POINTS AND AUTHORITIES

A. **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6).**

1. **A Motion to Dismiss is Proper Where the Complaint Fails to State Facts Sufficient to Constitute a Legally Cognizable Cause of Action.**

A motion under FRCP 12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint is construed in the light most favorable to the plaintiff, the court "does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Indeed, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

2. **The Complaint is Barred by the Doctrine of *Res Judicata*.**

The plaintiff's claims in this case are barred by the doctrine of *res judicata*. "To trigger the doctrine of *res judicata,* the earlier suit must have (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002).

///

Here, the first prong is met where the new complaint appears to involve the same series of events as the prior action, albeit with more historical detail and a chronology of the plaintiff's subsequent medical status and efforts to secure evidence of the alleged conspiracy against him. See prior action, docket #1, and instant action, docket #1. The second prong is met because Judge Whyte's March 26, 2003, order of dismissal was a dismissal on the merits – that is, an involuntary dismissal with prejudice pursuant to FRCP 41(b). See prior action, docket #25. The third prong is met because the new complaint names the same three defendants as the prior complaint – the Grand Lodge, the Liberty Lodge, and the Scottish Rites. Id.

### B.    MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e).

"A pleading must contain 'a short and plain statement of the claim showing that the pleading is entitled to relief.' Fed.R.Civ. P. 8(a)(2). Accordingly, a pleading must 'give[] fair notice and state[] the elements of the claim plainly and succinctly.'" Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). "It is well-established ... that a motion for a more definite statement attacks intelligibility in a pleading, not a mere lack of detail." Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

The plaintiff's complaint does not contain a concise statement of claims sufficient to put defendants on notice of the allegations against which they must defend. The plaintiff has instead filed a compilation of writings which do not lack detail, but rather intelligibility.

Defendants note that the plaintiff was given an opportunity to amend his prior complaint and that "[a] complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 673 (9th Cir. 1981). Upon review of a dismissal order, the Ninth Circuit "should look to see whether the district court might have first adopted other less drastic alternatives. [Citation]. These less drastic alternatives include allowing further amended complaints, allowing additional time ..." Id. at 674. In Nevijel, the plaintiff alleged a conspiracy to violate federal and state laws in a complaint consisting of 48 pages, 14 pages of addenda, and 9 pages of exhibits. The defendants successfully moved to dismiss on various grounds, including for failure to comply with FRCP 8, and the district court ordered the plaintiffs to file an amended complaint which complied with

FRCP 8. The plaintiffs filed an amended 23-page complaint with 24 pages of addenda which "was equally as verbose, confusing and conclusory as the initial complaint." Id. The defendants again moved to dismiss based upon the plaintiff's failure to comply with FRCP 8, and on other grounds. In affirming dismissal, the Ninth Circuit held:

> Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case. The exercise of his discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects. Id. at 674.

The Ninth Circuit in Nevijel held there was no abuse of discretion where the trial court had granted leave to amend and the amended pleading was no more intelligible than the first. Id.

The plaintiff in this case is now on his third attempt to state a claim, albeit in a separate action but regarding the same underlying issue, with a pleading that has doubled in length. The current complaint remains "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965) (dismissal affirmed where amended complaint alleging fraud and conspiracy by pro se plaintiff violated FRCP 8); see, also, Bach v. Mason, 190 F.R.D. 567 (D.C. Idaho 1999) (pro se complaint properly dismissed under FRCP 41(d) for failure to comply with FRCP 8 where less drastic measures consisted of explicit drafting instructions and 30 days' leave to amend).

## V. CONCLUSION

For the foregoing reasons, defendants respectfully request that the plaintiff's complaint be dismissed or, in the alternative, that the plaintiff be given one opportunity to file an amended complaint in compliance with FRCP 8 within ten (10) days of notice of this Court's ruling.

DATED: July 29, 2007

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Peggy S. Doyle
Attorneys for Defendants

4828-8102-9633.1

-5-

MEMO OF P&A'S IN SUPPORT OF DEFENDANTS GRAND LODGE, LIBERTY LODGE, AND SCOTTISH RITES' MOTION TO DISMISS