1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   Shawn A. Toliver, SB# 148349
2  Tal Korn, SB# 227719
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone: (415) 362-2580
4  Facsimile: (415) 434-0882

5  Attorneys for Defendants THE MOST WORSHIPFUL
   GRAND LODGE OF THE FREE AND ACCEPTED
6  MASONS OF THE STATE OF CALIFORNIA;
   LIBERTY LODGE #299 FREE AND ACCEPTED
7  MASONS; and SAN JOSE SCOTTISH RITES BODIES

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | NEAL G. BENSON, | CASE NO. C07 03476 HRL |
|---|---|---|
| 13 | Plaintiff, | REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS, THE MOST WORSHIPFUL GRAND LODGE OF THE FREE AND ACCEPTED MASONS OF THE STATE OF CALIFORNIA; LIBERTY LODGE #299 FREE AND ACCEPTED MASONS; AND SAN JOSE SCOTTISH RITES BODIES |
| 14 | v. | |
| 15 | SANTA CLARA MASONIC LODGE #299, SANTA CLARA POLICE DEPARTMENT AND CITY OF SANTA CLARA, CA. MASONIC GRAND LODGE SAN FRANCISCO, CA. SCOTTISH RITE BODIES OF SAN JOSE, CA. | |
| 16 | | |
| 17 | | |
| 18 | | Date: September 4, 2007<br>Time: 10:00 a.m.<br>Dept: 2<br>Judge: Howard R. Lloyd |
| 19 | Defendants. | |

20

21  TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

22       PLEASE TAKE NOTICE that Defendants, The Most Worshipful Grand Lodge of the Free

23  and Accepted Masons of the State of California ("Grand Lodge"); Liberty Lodge #299 Free and

24  Accepted Masons ("Liberty Lodge"); and San Jose Scottish Rites Bodies ("Scottish Rites")

25  ("collectively defendants"), are in receipt of the plaintiff's "Answer to the Motion of the Attorneys

26  in the Alternative for a More Definite Statement Stating the Claim Upon Which Relief May be

27  Granted." Defendants submit that the plaintiff's Answer fails to resolve the fatal problems

28

---

4825-5440-2049.1                       -1-
REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE
                              STATEMENT

addressed in Defendants' moving papers. Defendants therefore move that Plaintiff's action be dismissed with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.
## PLAINTIFF HAS FAILED TO CLARIFY THE AMBIGUITIES INHERENT IN HIS COMPLAINT

Plaintiff's Answer to the Motion of the Attorneys in the Alternative for a More Definite Statement Stating the Claim Upon Which Relief May be Granted ("Answer") does not resolve the issues raised in Defendants' moving papers. Although Plaintiff has compiled a significantly shorter pleading, the information contained therein is no more intelligible than his Complaint. Plaintiff's Answer is comprised entirely of a string of unintelligible allegations which make reference to a group of unrecognizable section numbers. Plaintiff's Answer is also devoid of any cognizable factual basis for any of the allegations set forth.

"Although a pro se litigant [is] entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy* 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff's Answer fails to meet even the most minimum level of intelligibility. Defendants are still left without any meaningful notice of the allegations against which they must defend against in this case. It is unclear what specific actions were undertaken by which of the various defendants, when those alleged actions occurred and how the defendants' conduct gives rise to liability.

## II.
## PLAINTIFF'S ACTION SHOULD BE DISMISSED UNDER *RES JUDICATA*

Plaintiff's action is barred by the doctrine of *res judicata*, based upon the Honorable Ronald M. Whyte's prior dismissal of the case. Defendants' moving papers seek dismissal of the plaintiff's Complaint accordingly. As an alternative to dismissal, Defendants sought a more definite statement pursuant to Fed. R. Civ. P. 12(e). Prior to the Court's ruling on Defendants' Motion, Plaintiff submitted a purportedly more definite statement, which as discussed above, is just as cryptic as the Complaint, failing to comply with Fed. R. Civ. P. 8(a)(2).

"The court will grant a motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Irving v. Lorson* 2002 WL 31844685 (S.D. Ohio 2002). The plaintiff's Answer fails to provide the Court or the defendants with any additional insight into the nature of the plaintiff's claims or the factual basis for them. In any event, as discussed in the moving papers, the plaintiff's action appears to raise issues previously adjudicated and is therefore barred under *res judicata*. At this point, Defendants respectfully submit that Plaintiff' action should be dismissed with prejudice.

DATED: August 14, 2007

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Shawn A. Toliver
Tal Korn
Attorneys for Defendants