TO BE FILED BY NEAL G. BENSON

# United States District Court
# Northern district of California

FILED
2007 NOV 15 A 10: 54

Neal G. Benson Litigant
5462 Begonia Dr.
San Jose, Ca. 95124

Neal G. Benson
Plaintiff

VS

SANTA CLARA MASONIC LODGE #299)
MASONIC GRAND LODGE S. F. CA.    )
SCOTTISH RITE BODIES OF S. J. CA. )
THE SANTA CLARA POLICE DEPT      )
AND CITY OF SANTA CLARA, CA      )
Defendants

Case No. C07 03476 RMW
To clarify the actions of the Police and Masons acts referred to as *res judicata* for Judge Whyte. REFERENCE PAGE 2 OF THE COURT ROOM #6 4TH FLOOR HONORABLE JUDGE RONALD M. WHYTE CIVIL LAW AND MOTION ON THE COURT INFORMATION PAGES ON DOOR.

**TENATIVE RULINGS FOR FRIDAY NOVEMBER 9, 2007**
ON

Case number C-07-03476-RMW
Title:    Benson v. Santa Clara Masonic Lodge #299, *et al.*
Ref. Tentative Ruling By Judge R M Whyte: Benson's claims barred by *res judicata*.

**This statement by Judge R. M. Whyte is not true NOW as stipulated below and in the body of the case number C07 03476 RMW which corrects errors in interpretation of the rules by the plaintiff and replaces the original case number C03 00119 RMW with clear and concise data as required By Judge Wythe and the Federal Rules.**

1) Case # C03 00119 RMW AND C07 03476 HRL
   a) On 10-4-07 Judge Ronald M. Whyte issued a document 32 stating the 2 cases are the same case 5:07-cv-03476-HRL.
   b) In the case # C07 03476 I, Neal Benson plaintiff, have shown evidence of the Title 28 United States code S 1343 which provides a federal court forum in which citizens may seek redress from the deprivation of rights, privileges and immunities under color of state law.
       1) From 8-1-91 to 3-28-93 or 17 months, over 400 criminal acts committed by the Mexican and Masonic members and others to STOP ME from bringing charges against THEM and I have furnished evidence AND NAMES OF WITNESSES in relation to these crimes and criminal acts committed against Neal Benson.
       2) On 3-28-93 the defendants, the Santa Clara Police Department and the Masonic and Mexican members, when I went to the Santa Clara Police Station to file charges, I ask the Police Matron for a Sgt. and a case number for the charges I came to file. The Matron introduced me to Chris Zercher, A Masonic Past Master who acted as a COP. The police witnesses and Masonic witness made a fool of me and laughed me out of the Police station. I have evidence and

witnesses to the act of STOPPING ME from FILING charges and did. This act was verbal rape and humiliation or HATE CRIMES, not statutory rape.

3) I returned to the Santa Clara Police Station in December 1993 with 2 sets of charges and is backed up with evidence and witnesses also. #1 charge against the Masonic members and others and #2 the Santa Clara Police officers involved in their attempt to cause fear and scare me out of filing charges as the Grand Lodge has issued a letter to cease and desist or else suffer the consequences.

4) This time Sgt. Rees in December 1993 used his position as Internal affairs Officers to confiscate my 2 sets of charges and again STOP MY going to court by refusing to give me a case number when I ask for a case number and said because of the COPS are now involved he had to evaluate the charges and will get back to me. I ask for a case number from him 7 times during his 4 years of evaluating AND CHANGING MY CHARGES TO Civil and added an ILLEGAL statute of limitations on my charges and never gave me a case number so my case would never get to court. Just as the Masonic Lodge **STOPPED ME 7 TIMES MORE** and he covered up the criminal acts of the son of Chris Zercher a Mason who is a Santa Clara Police officer Elden Zercher and the "Code of silence" took precedence because he was one of the persons with his father who would go to prison for the criminal acts he committed with his father against me at and with the Santa Clara Masonic Lodge for over 50 years of hate crimes starting in 1949.

5) He placed the **ILLEGAL** statute of limitations on my 2 cases. On 4-15-97 the **illegal** statute expired and was used as the violation of my Civil Rights Act that covers "perpetrated under the color of state law", to **STOP MY** filing charges. **Sgt. Rees was protecting his Officers and the Santa Clara Police Department from a charge of CORRUPTION and was not about to let me send his cops to prison.** I have evidence and witnesses included in my attempts to bring charges.

6) With no where else to go I went to the Santa Clara Law library and found the Federal acts covering the criminal acts and not being a lawyer have come this far and I will win because I have the laws they have broken and overwhelming evidence and witnesses to prove my case as the Cops used the **ILLEGAL STATUTE** to **STOP ME** again from sending the Police officers, Masons, and Mexicans to prison for **HATE CRIMES "Under the color of state law"**.

7) Since Case number C07 03476 RMW is the upgrade to Case number C03 00119 RMW, the original ruling by Judge R. M. Whyte is no longer in affect and therefore the statement *RES JUDICAT* is no longer pertinent to this case. Judge Whyte scheduled the case number C07 03476 on the TENATIVE RULINGS on Friday November 9th 2007 at 9 am and a 10:30 meeting between the defendants and I the Plaintiff to settle this case but decided and cancelled the ADR meeting after I told him of the 238 witnesses and defendants I have named.

8) I WAS PREPARED TO SETTLE THIS WITH THE DEFENDANTS. WHAT CHANGED THE JUDGES MIND?

NEAL G. BENSON _[signature]_ DATE 11/15/07

2

> **COUNSEL: DO NOT REMOVE THIS SHEET**
>
> Please return it to the clipboard after you have read your tentative ruling.

Honorable Ronald M. Whyte
Civil Law and Motion

# Tentative Rulings

### Friday, November 9, 2007

Tentative Rulings are posted on our website at: www.cand.uscourts.gov
(go to: "Judges", "Judge Whyte" and then "Recent Orders and Tentative Rulings")

| Case number: | C-06-03597-RMW |
|---|---|
| Title: | **Espinoza v. Oldcastle Glass Fremont** |
| | There is no claim before the court for which summary judgment can be granted. The wrongful termination claim was remanded and the termination of benefits claim was held preempted. Why shouldn't the court issue an order to show cause why the case should not be dismissed for failure to prosecute? |

| Case number: | C-06-07169-RMW |
|---|---|
| Title: | **Digital Networks North America v. Numark Industries** |
| Tentative Ruling: | What discovery will Numark have to do if the amendment is allowed, given that the letter has been known about all along? |

1

| Case number:     | C-03-00852-RMW                                                                                                                                                                                 |
|------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Title:           | *Zamani, et al. v. Carnes, et al.*                                                                                                                                                             |
| Tentative Ruling:| It does not appear to the court that Civil Code § 47(b) precludes damages under Civil Code §§ 724.050 and 724.070 for failure to comply with the requirements of those sections.               |

| Case number:     | C-07-03476-RMW                                                       |
|------------------|----------------------------------------------------------------------|
| Title:           | *Benson v. Santa Clara Masonic Lodge #299, et al.*                   |
| Tentative Ruling:| Benson's claims are barred by *res judicata*.                        |

| Case number:     | C-06-05302-RMW                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| Title:           | *Bates v. City of San Jose, et al.*                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| Tentative Ruling:| 1) Except for the claim that the City failed to plead *res judicata* as a defense, why is the claim against the city not barred by *res judicata*? <br> 2) Why isn't Amoroso a final decision maker for the City thus providing a basis of liability for the City if her failure to issue a permit was unconstitutional? <br> 3) Assuming that the denial of a permit to someone who retires because of a psychological disability does not require a good cause hearing, where is there a violation of a constitutional right in this case? <br> 4) Even with a requirement for a "good cause" hearing, is it not still true that the standard remains "good cause," which "does not create a constitutionally protected interest, because it is not a 'significant substantive restriction on the basis for [the] agency's action'"? *Ass'n Orange County Deputy Sheriffs v. Gates*, 716 F.2d 733, 734 (1983) |

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-FILED - 10/4/07*

RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 03-00119 RMW**    Benson et al v. Santa Clara Masonic Lodge &#035;299 et al

**C 07-03476 HRL**    Benson v. Santa Clara Masonic Lodge &#035;299 et al

I find that the above case is related to the case assigned to me. **RMW**

ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: 10/4/07

*Ronald M Whyte*

Judge Ronald M. Whyte

-1-

## CERTIFICATE OF SERVICE

I certify that on the date stated below, I lodged a copy of this order with each judicial officer and I mailed a copy to each counsel of record or *pro se* party in the cases listed above.

Richard W. Wieking, Clerk

DATED: 10/4/07

By: _____
Deputy Clerk

Copies to: Courtroom Deputies X
Case Systems Administrators X
Counsel of Record X
Entered into Assignment Program: _____(date)